IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ANTHONY BLACKSHIRE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:09-cv-00329 |
| | § | JURY |
| TYSON FOODS, INC., | § | |
| | § | |
| Defendant. | § | |

# DEFENDANT TYSON FOODS, INC.'S MOTION IN LIMINE

Defendant, Tyson Foods, Inc. ("Defendants" or "Tyson"), prior to the selection of the Jury, and prior to any evidence having been introduced, move that counsel for Plaintiff, and through such counsel, any and all of Plaintiff's witnesses be instructed by appropriate Order of this Honorable Court to refrain from making any mention or interrogation, directly or indirectly, in any manner whatsoever, concerning any of the matters hereinafter set forth, without first approaching the bench and obtaining a ruling from the Court outside the presence and outside the hearing of all jurors who have been selected in this cause in regard to any alleged theory of admissibility of such matters, to wit:

**1.** Any direct reference, reference by implication or testimony that there have been settlement overtures between the parties to this lawsuit or their counsel.

**AGREED:_____  GRANTED:_____  DENIED:_____**

2. Any direct reference, reference by implication or statement that Defendant has failed to call any witness to testify at the trial of this cause who is equally available to the Plaintiff; the reason or reasons for the failure to call such witness; or the probable testimony of such witness.

**AGREED:**_____ **GRANTED:**_____ **DENIED:**_____

3. That neither Plaintiff nor his counsel be permitted to mention, request or in any manner solicit any agreement or stipulation or understanding from this Defendant or its counsel in the presence or hearing of the Jury or any Juror of the jury panel, regarding any matter which may arise either before or during the trial of this lawsuit.

**AGREED:**_____ **GRANTED:**_____ **DENIED:**_____

4. Any direct reference, reference by implication or reference by innuendo that the Plaintiff has been or may be under any financial hardship for the reason that such evidence is not relevant to the issues in this case and would only serve to create undue prejudice and confusion of the issues in violation of Rule 403 of the Federal Rules of Evidence.

**AGREED:**_____ **GRANTED:**_____ **DENIED:**_____

5. Any direct reference, reference by implication or testimony concerning documents produced or not produced by this Defendant in this lawsuit for the reason that the same is not relevant to any of the issues in this lawsuit and would only serve to create undue prejudice or confusion of the issues in violation of Rule 403 of the Federal Rules of Evidence.

**AGREED:**_____ **GRANTED:**_____ **DENIED:**_____

6. Any direct reference, reference by implication or testimony concerning other claims or lawsuits involving this Defendant for the reason that such evidence is not relevant to the issues in this case and would only serve to create undue prejudice and confusion of the issues in violation of Rule 403 of the Federal Rules of Evidence.

**AGREED:**_____ **GRANTED:**_____ **DENIED:**_____

7. Any comment or reference which would imply that the Defendant or its attorneys have not fully complied with discovery requests in this case or that the Defendant has violated any order of this Court.

**AGREED:**_____ **GRANTED:**_____ **DENIED:**_____

**8.** Any direct reference, reference by implication or testimony which purports to compare or contrast the wealth or financial position of the Plaintiff and this Defendant.

**AGREED:**_____ **GRANTED:**_____ **DENIED:**_____

**9.** Any direct reference, reference by implication or testimony concerning the subject of the net worth of this Defendant unless and until there has been a *prima facie* showing of entitlement to punitive damages in this case. Any such statement or testimony would only serve to create undue prejudice and confusion of the issues in violation of Rule 403 of the Federal Rules of Evidence.

**AGREED:**_____ **GRANTED:**_____ **DENIED:**_____

**10.** Any direct reference, reference by implication or statement suggesting that this Motion has been filed or that the relief sought herein requested.

**AGREED:**_____ **GRANTED:**_____ **DENIED:**_____

**11.** That counsel be instructed to refrain from questioning the jury panel as to whether they would answer any special issue relating to damages in accordance with the evidence, regardless of who pays the damage, when the damage will be paid, whether it will ever be paid, or any similar version of such inquiry for the reason that the same improperly injects the implication that insurance covers the payment of any damages that may be awarded in this lawsuit.

**AGREED:**_____ **GRANTED:**_____ **DENIED:**_____

**12.** That Plaintiff's recovery will be shared with their attorney, or that expenses have been incurred to bring this lawsuit.

**AGREED:**_____ **GRANTED:**_____ **DENIED:**_____

**13.** That no photographs, newspaper articles or any other exhibits in any form be shown, exhibited or placed in such position that prospective jurors or the impaneled jurors can in any way view or see such items without their being properly admitted into evidence.

**AGREED:**_____ **GRANTED:**_____ **DENIED:**_____

**14.** To objections to interrogatories or other discovery made by Defendant.

**AGREED:**_____ **GRANTED:**_____ **DENIED:**_____

**15.** Any expert or opinion evidence or testimony from any person who has not been properly disclosed as an expert witness in response to discovery herein.

**AGREED:**_____ **GRANTED:**_____ **DENIED:**_____

**16.** Any evidence or testimony from fact witnesses who are not listed as persons with knowledge of relevant facts in response to discovery herein.

**AGREED:**_____ **GRANTED:**_____ **DENIED:**_____

**17.** The Court should prohibit any mention or suggestion regarding any pretrial statements or motions by counsel for Defendant at any pre-trial hearing in this cause. Such matters are entirely irrelevant to any issue to be tried in this case and would only result in unfairly prejudicing the jury against this Defendant.

**AGREED:**_____ **GRANTED:**_____ **DENIED:**_____

**18.** Any statement to the effect that any agent or attorney for Defendant withheld or tampered with evidence.

**AGREED:**_____ **GRANTED:**_____ **DENIED:**_____

**19.** Any statement regarding any claim of spoliation of evidence by this Defendant without first there being a *prima facia* showing of such made by competent evidence.

**AGREED:**_____ **GRANTED:**_____ **DENIED:**_____

**20.** Any reference, statement or question which would imply that Defendant has not fully complied with all requests for discovery in this case.

**AGREED:**_____ **GRANTED:**_____ **DENIED:**_____

**21.** Any reference to jury questions ultimately submitted to the jury as Plaintiff's issues or Defendant's issues or otherwise identifying the issues with a particular party.

**AGREED:**_____ **GRANTED:**_____ **DENIED:**_____

**22.** That the jury or jury panel should attempt to "send defendants a message" or any other such language which is calculated to have the jury assess the damages based upon an emotional response and not upon the evidence and the Court's charge.

**AGREED:**_____ **GRANTED:**_____ **DENIED:**_____

**23.** Any argument or attempt to argue the "golden rule" or any argument which attempts to place the jurors in the place of the Plaintiff since such arguments are improper and are not based upon any evidence to be considered by the jury.

**AGREED:**_____ **GRANTED:**_____ **DENIED:**_____

**24.** Any display of charts, diagrams or drawings containing references to what the Court will inquire of or charge the jury with prior to actual final argument.

**AGREED:**_____ **GRANTED:**_____ **DENIED:**_____

**25.** Any statement to the jury as to the size or nature of the practice of Defendant's attorneys or the names or kinds of parties represented or particular lawsuits or matters handled by same because such obviously has no relevancy to the issues to be decided by the jury and would only result in substantial prejudice to the Defendant in this case.

**AGREED:**_____ **GRANTED:**_____ **DENIED:**_____

**26.**     Any reference to or discussion as to whether or not this Defendant has, either prior to or subsequent to this lawsuit, ever had occasion to employ an attorney for any reason whatsoever except for the defense of this suit.

**AGREED:**_____    **GRANTED:**_____    **DENIED:**_____


**27.**     The Court should prohibit any reference to the filing of the Motion in Limine or to any ruling by the Court in response to this motion.  Such references are inherently prejudicial in that they suggest or infer that Defendant has sought to prohibit proof or that the Court has excluded proof of matters damaging to Defendant's cause.

**AGREED:**_____    **GRANTED:**_____    **DENIED:**_____


    WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Motion be granted and sustained by an appropriate Order of this Honorable Court.

**Respectfully submitted,**

**KANE RUSSELL COLEMAN & LOGAN PC**
1601 Elm Street, Suite 3700
Dallas, Texas 75201
(214) 777-4200 / Fax (214) 777-4299


By:    s/ Zach T. Mayer
      Zach T. Mayer
      Texas State Bar No. 24013118
      zmayer@krcl.com
      Brian J. Fisher
      Texas State Bar No. 24032178
      bfisher@krcl.com

− and −

Stayton L. Worthington
State Bar No. 22010200
**COGHLAN CROWSON, LLP**
1127 Judson Road, Suite 211
P.O. Box 2665
Longview, Texas 75606-2655
(903) 758-5543 / Fax (903) 753-6989

**ATTORNEYS FOR DEFENDANT TYSON FOODS, INC.**

# CERTIFICATE OF SERVICE

This is to certify that on this the 16th day of July, 2010, a true and correct copy of the foregoing instrument is being served on all counsel of record in accordance with the Federal Rules of Civil Procedure:

**VIA E-FILE**
Blake C. Erskine
Erskine & McMahon, LLP
P.O. Box 3485
Longview, Texas 75606

**VIA E-FILE**
Michael E. Pierce
Arnold & Itkin, LLP
5 Houston Center
1401 McKinney, Suite 2550
Houston, Texas 77010

       s/ Zach T. Mayer
Zach T. Mayer/Brian J. Fisher

# CERTIFICATE OF CONFERENCE

      This is to certify that counsel for Movant has attempted to comply with the meet and confer requirement in Local Rule CV-7(h).  Counsel for Movant attempted to confer with counsel for Non-Movant on both July 15 and July 16, 2010, via a telephonic conference call.  On July 16, 2010, at approximately 3:15 p.m., counsel for Movant was informed by an assistant for counsel for Non-Movant that counsel for Non-Movant is out of the country and not available to meet and confer prior to the deadline for filing.  Counsel for Movant contacted the office of local counsel for Movant at approximately 3:45 p.m.  A conference was conducted in which Brian J. Fisher, on behalf of the Movant, and Devin Higgins, acting as local counsel for the Non-Movant, met and conferred regarding the contents of the Motion.  Local counsel for Non-Movant indicated his opposition to points 3, 4, and 5 of Movant's Motion.  Discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

                                                                                       s/ Zach T. Mayer
                                                                                       Zach T. Mayer