IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| ANTHONY BLACKSHIRE | § | |
|---|---|---|
| Plaintiff, | ' | |
| vs. | ' | CIVIL ACTION NO. 2:09-cv-329 |
| | ' | |
| | ' | |
| TYSON FOODS, INC. | § | |
| Defendant. | ' | |

## PLAINTIFF=S MOTION IN LIMINE

Plaintiff Anthony Blackshire moves the Court to order, before voir dire, that (1) Defendant's attorneys, and through them, any and all witnesses called for Defendant, refrain from commenting on, mentioning, communicating, publishing, or attempting to introduce evidence of, directly or indirectly, the matters in this Motion; and (2) Defendant's attorneys instruct their witnesses not to volunteer, inject, disclose, state, or mention the matters in this Motion in the presence of the jury, unless and until specifically questioned hereon. Plaintiff asks the Court to order that, if Defendant's attorneys intend to offer evidence of the matters in this Motion, they must first obtain a favorable ruling from the Court outside the presence and hearing of all prospective jurors and the jurors ultimately selected in this civil action.

In support of this Motion, Plaintiffs show as follows:

**A.**

The Matters in this Motion are inadmissible for any purpose on proper and timely objection because they are not relevant to the issue in this case or the rights of the parties. The matters in this Motion will not have any tendency to make the existence of any material fact more probable or less probable than it would be without the evidence. *See*

FED. R. EVID. 401 and 402. Permitting interrogation of the witnesses, comments to the jurors, or offers of evidence on the matters in this Motion is substantially outweighed by the harm to Plaintiff. Instead, it would draw the jury=s attention to the prejudicial impact. *See* FED. R. EVID. 101 and 103(c). If Defendant injects the matters in this Motion into this trial through a party, an attorney or a witness, Defendant will cause irreparable harm to Plaintiff, which no jury instruction would cure. If any of the matters in this Motion are brought to the attention of the jury, directly or indirectly, Plaintiff would be forced to move for a mistrial. To avoid prejudice and a possible mistrial, Plaintiff asks the Court to grant this Motion in Limine.

**B.**

The following matters are the subject of this Motion in Limine:

1) Any reference to Plaintiff altering a return to work slip prepared by any of his physicians. This is not relevant and any slight relevance is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 402 and 403. Plaintiff also objects to the use of extrinsic evidence as proof of specific instances of conduct to attack Plaintiff's character for truthfulness. Fed. R. Evid. 608 (b).

_____ _____ _____ _____
Agreed           Granted         Modified        Denied

2) Any reference to any grievance, arbitration, or union claims relating to wrongful termination of Plaintiff by Tyson. Fed. R. Evid. 402 and 403.

_____ _____ _____ _____
Agreed           Granted         Modified        Denied

3) That Defendant be prohibited from referencing any loans Plaintiff may have received from her attorneys. This information is not relevant and any slight relevance is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 402 and 403.

_____  _____  _____  _____
Agreed        Granted        Modified         Denied

WHEREFORE, premises considered, Plaintiff moves this Court to order, before voir dire, that (1) Defendant's attorneys and, through them, any and all witnesses called for Defendant, refrain from commenting on, mentioning, communicating, publishing, or attempting to introduce evidence of, directly or indirectly, the matters in this Motion, without first obtaining a favorable ruling from the Court outside the presence and hearing of all jurors or prospective jurors; and (2) Defendant's attorneys instruct their witnesses not to volunteer, inject, disclose, state, or mention the matters in this Motion in the presence of the jury, unless and until specifically questioned thereon.

Respectfully submitted,

**ARNOLD & ITKIN LLP**

*/s/ Michael E. Pierce*
_____
Michael E. Pierce
State Bar No.24039117
1401 McKinney Street, Suite 2550
Houston, Texas 77010
Telephone: (713) 222-3800
Facsimile: (713) 222-3850

And

Blake C. Erskine
ERSKINE & MCMAHON, LLP
P. O. Box 3485
Longview, Texas 75606
Telephone: (903) 757-8435
Facsimile: (903) 757-9429
**ATTORNEYS FOR PLAINTIFF**

### CERTIFICATE OF CONFERENCE

Counsel has complied with the meet and confer requirement in Local Rule CV-7(h). Counsel for Plaintiff conferred with counsel for Defendant on July 16, 2010, in a good faith effort to resolve the matters raised by this motion. Counsel for Defendant is opposed to point 1 (one) only.

*/s/ Michael Pierce*_____
Michael E. Pierce

# CERTIFICATE OF SERVICE

I certify that on July 16, 2010, a copy of the foregoing document was served upon the following counsel of record in compliance with Federal Rules of Civil Procedure:

Brian J. Fisher
Zach T. Mayer
Kane Russell Coleman & Logan PC
1601 Elm Street, Suite 3700
Dallas, Texas 75201

Stayton L. Worthington
Coghlan Crowson, LLP
1127 Judson Road, Suite 211
P.O. Box 2665
Longview TX 75606-2655
***Counsel for Defendant Tyson Foods, Inc.***

*/s/ Michael E. Pierce*
_____
Michael E. Pierce