IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ANTHONY BLACKSHIRE | § | |
| | § | |
| Plaintiff | § | |
| vs. | § | CIVIL ACTION NO. 2:09-cv-329 |
| | § | |
| | § | |
| TYSON FOODS, INC. | § | |
| | § | |
| | § | |
| | § | |
| Defendant. | § | |

## PROPOSED JURY INSTRUCTIONS[1]

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the fats of this case.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence. By this it is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so.

In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the

---

[1] Pattern Jury Instructions, 3 General Instructions for Charge (3.1) Additional modification noted in bold. Deleted reference to felons and Notes, and retire to deliberate instruction.

witness said or did something, or failed to say or do something, that was different from the testimony the witness gave you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences form the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw form the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence - such as testimony of an eyewitness. The other is indirect or circumstantial evidence - the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field - he is called an expert witness - is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer form evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as a expert witness and his income form such testimony represents a significant portion of his income.

When you retire to the jury room to deliberate on your verdict, you may take *only* the exhibits I allow you to take, which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during you deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged,

unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.

I am now going to instruct you on the law specific to this case.

# NEGLIGENCE

"Negligence" means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"Ordinary care" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

"Proximate cause" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

## **DEFENDANT'S PROPOSED ADDITION**:

In deciding whether the parties reached an agreement, you may consider what they said and did in light of the surrounding circumstances, including any earlier course in dealing. You may not consider the parties' unexpressed thoughts or intentions.[2]

**Source**: Texas Pattern Jury Charges § 101.3 (2008).

---

[2] Plaintiff objects to this addition.

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

ANTHONY BLACKSHIRE       §
      §
      Plaintiff       §
vs.       §       CIVIL ACTION NO. 2:09-cv-329
      §
      §
TYSON FOODS, INC.       §
      §
      §
      §
      Defendant.       §

## PREPOSED FORM OF THE VERDICT[3]

**QUESTION NO. 1**

Did the negligence, if any, of those named below proximately cause the injury in question?

Answer "Yes" or "No" for each of the following:

A. Tyson Foods, Inc.       _____

B. Anthony Blackshire       _____

---

[3] Plaintiff's object to Defendant's proposed question number 1. It is included in this filing to meet the courts requirement of filing a Joint Proposed Form of the Verdict.

If you have answered "Yes" to Question 1 for more than one of those named below, then answer the following question.  Otherwise, do not answer the following question.

The percentages you find must total 100 percent.  The percentages must be expressed in whole numbers.  The negligence attributable to any one named below is not necessarily measured by the number of acts or omissions found.  The percentage attributable to any one need not be the same percentage attributable to that one in answering another question.

**QUESTION NO. 2**:

What percentage of the negligence that caused the injury to Anthony Blackshire, do you find to be attributable to each of those listed below and found by you in your answer to Question 1, to have been negligent:

    A.  Tyson Foods, Inc.         _____%

    B.  Anthony Blackshire      _____%

    Total                   _____100_____%

Answer Question 3 if you answered "Yes" for Tyson Foods, Inc. to Question 1 and answered:

      (1)     "No" for Anthony Blackshire to Question 1; or

      (2)     50 percent of less for Anthony Blackshire to Question 2.

Otherwise, do not answer Question 3.

## QUESTION NO. 3

What sum of money, if paid now in cash, would fairly and reasonably compensate Anthony Blackshire for his injuries, if any, that resulted from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

You are instructed that any monetary recovery for lost earning capacity in the past and loss of earning capacity in the future is subject to federal income taxes. Any recovery for physical pain, mental anguish, disfigurement, physical impairment, and medical care expenses is not subject to federal income taxes.

Answer separately, in dollars and cents, for damages, if any. Do not reduce the amounts, if any, in your answers because of the negligence, if any, of Anthony Blackshire.

    a.     Physical pain and mental anguish sustained in the past.

        Answer: _____

    b.     Physical pain and mental anguish that, in reasonable probability, Anthony Blackshire will sustain in the future.

        Answer: _____

    c.     Loss of earning capacity sustained in the past.

        Answer: _____

    d.     Loss of earning capacity that, in reasonable probability, Anthony Blackshire will sustain in the future.

        Answer: _____

e. Physical impairment sustained in the past.

Answer: _____

f. Physical impairment that, in reasonable probability, Anthony Blackshire will sustain in the future.

Answer: _____

g. Medical care expenses incurred in the past.

Answer: _____

h. Medical care expenses that, in reasonable probability, Anthony Blackshire, will incur in the future.

Answer: _____

Answer Question No. 4 regarding Tyson Foods, Inc. only if you unanimously answered "Yes" to Question 1 regarding Tyson Foods, Inc. Otherwise, do not answer the following question regarding Tyson Foods, Inc.

You are instructed that, in order to answer "Yes" to the following question, your answer must be unanimous. You may answer "No" to the following question only upon a vote of ten or more jurors. Otherwise, you must not answer the following question.

## QUESTION NO. 4

Do you find by clear and convincing evidence that the harm to Anthony Blackshire resulted from gross negligence?

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.


"Gross negligence" means an act or omission by Tyson Foods, Inc.,

(a) which when viewed objectively from the standpoint of Tyson Foods, Inc. at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

(b) of which Tyson Foods, Inc. has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

Answer "Yes" or "No."


Answer: _____

Answer the following question regarding Tyson Foods, Inc. only if you unanimously answered "Yes" to Question 4 regarding Tyson Foods, Inc. Otherwise, do not answer the following question regarding Tyson Foods, Inc.

## QUESTION NO. 5

You are instructed that you must unanimously agree on the amount of any award of exemplary damages.

What sum of money, if any, should be assessed against Tyson Foods, Inc. and awarded to Anthony Blackshire as exemplary damages for the conduct found in response to Question No. 4?

"Exemplary damages" means any damages awarded as a penalty or by way of punishment but not for compensatory purposes. Exemplary damages includes punitive damages.

Factors to consider in awarding exemplary damages, if any, are—

a. The nature of the wrong.

b. The character of the conduct involved.

c. The degree of culpability of the wrongdoer.

d. The situation and sensibilities of the parties concerned.

e. The extent to which such conduct offends a public sense of justice and propriety.

f. The net worth of Tyson Foods, Inc.

Answer in dollars and cents, if any.


Answer: _____

**DEFENDANT'S PROPOSED QUESTION NUMBER 1[4]**

      Did Plaintiff and Defendant agree that in exchange for eligibility for any Comprehensive Benefits under Defendant's Workplace Injury Settlement Program, Plaintiff released, waived, and forever gave up all his rights, claims and causes of action, whether now existing or rising in the future, that he may have against Defendant that arise out of or are in any way related to the injuries sustained in the course and scope of his employment with the company?

Answer:     _____

Source:     TEXAS PATTERN JURY CHARGES § 101.1 (2008).

---

[4] Plaintiff objects to Defendant's Proposed Question Number 1.

This verdict is the unanimous verdict of the jury on the _____ day of _____, 2010.

_____Presiding Juror

(To be signed by those rendering the verdict if not unanimous.)

_____          _____

_____          _____

_____          _____

_____          _____

Respectfully submitted,

**ARNOLD & ITKIN LLP**
5 Houston Center
1401 McKinney, Suite 2550
Houston, Texas  77010
(713) 222-3800 / Fax (713) 222-3850

By:   _s/ Michael E. Pierce_____
Michael E. Pierce
State Bar No. 24039117

- and -

Blake C. Erskine
Texas Bar No. 06649000
**ERSKINE & MCMAHON, LLP**
P.O. Box 3485
Longview, Texas  75606
(903) 757-8435 / Fax (903) 757-9429

**ATTORNEYS FOR PLAINTIFF**

**KANE RUSSELL COLEMAN & LOGAN PC**
1601 Elm Street, Suite 3700
Dallas, Texas  75201
(214) 777-4200  /  Fax (214) 777-4299

By:   _s/ Zach T. Mayer_____
Zach T. Mayer
Texas State Bar No. 24013118
zmayer@krcl.com
Brian J. Fisher
Texas State Bar No. 24032178
bfisher@krcl.com

− and −

Stayton L. Worthington
State Bar No. 22010200
**COGHLAN CROWSON, LLP**
1127 Judson Road, Suite 211
P.O. Box 2665
Longview, Texas  75606-2655
(903) 758-5543 / Fax (903) 753-6989

**ATTORNEYS FOR DEFENDANT**
**TYSON FOODS, INC.**

## CERTIFICATE OF CONFERENCE

Counsel has complied with the meet and confer requirement in Local Rule CV-7(h). Counsel for Plaintiff conferred with counsel for Defendant on July 16, 2010, regarding the contents of this Jury Charge.

*/s/ Michael Pierce*_____
Michael E. Pierce

## CERTIFICATE OF SERVICE

I certify that on July 16, 2010, a copy of the foregoing document was served upon the following counsel of record in compliance with Federal Rules of Civil Procedure:

Brian J. Fisher
Zach T. Mayer
Kane Russell Coleman & Logan PC
1601 Elm Street, Suite 3700
Dallas, Texas 75201

Stayton L. Worthington
Coghlan Crowson, LLP
1127 Judson Road, Suite 211
P.O. Box 2665
Longview TX 75606-2655
***Counsel for Defendant Tyson Foods, Inc.***

*/s/ Michael E. Pierce*
_____

Michael E. Pierce