**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| ANTHONY BLACKSHIRE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:09-cv-00329 |
| | § | JURY |
| TYSON FOODS, INC., | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT TYSON FOODS, INC.'S TRIAL BRIEF REGARDING**
**PLAINTIFF'S INADEQUATE ADDITIONAL DISCLOSURES**

COMES NOW Tyson Foods, Inc. ("Tyson"), Defendant in the above-referenced and numbered cause, and files this Trial Brief Regarding Plaintiff's Inadequate Additional Disclosures, and respectfully shows the Court the following:

**I.**
**AUTHORITIES AND ARGUMENT**

1.      Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires that "a party must, *without awaiting a discovery request*, provide to the other parties: a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered."[1]    Plaintiff Anthony Blackshire ("Blackshire") has wholly failed to comply with this requirement.    Plaintiff's Additional Disclosure Response provides: "Plaintiff's medical bills to date are approximately $24,000.00. Plaintiff's lost wages and lost earning capacity will be summarized in an expert report that will

---

[1] FED. R. CIV. P. 26(a)(1)(A)(iii) (emphasis added).

be filed with Plaintiff's expert designation. This disclosure response will be timely supplemented in accordance with the Federal Rules of Civil Procedure as Plaintiff's medical treatment continues."[2] Plaintiff's response fails to comply with even the bare minimum required by Rule 26 in that it provides no computation of each category of damages. As evidenced, Plaintiff's response relies upon an estimation of his medical damages.

2.     Additionally, as evidenced by Plaintiff's own response, Plaintiff had a continuing duty to supplement his disclosure responses. Federal Rule of Civil Procedure 26(e)(1) provides that a party must supplement or correct its incomplete or incorrect disclosure in a timely manner or as ordered by the court. Plaintiff has wholly failed to supplement this incomplete, incorrect and non-compliant disclosure response. Furthermore, Plaintiff failed to timely provide written documentation of his damages and their calculation as he only recently provided numerous affidavits regarding medical bills and records after the close of discovery and on the eve of trial. Therefore, Plaintiff should not be permitted to rely upon any evidence that was not provided to Defendant before the close of discovery, as to do so would promote Plaintiff's clear violation of the Federal Rules and would cause extreme prejudice to Defendant.

3.     For the reasons set forth below, Defendant requests that all evidence of Plaintiff's damages be stricken for failure to comply with Federal Rule of Civil Procedure 26(a)(1)(A)(iii) by failing to provide any computation as to Plaintiff's damages. In the alternative, Defendant requests that Plaintiff be limited to presentation of evidence of $24,000 in past medical expenses, as these damages were the only ones timely provided before the close of discovery.

---

[2] A true and correct copy of Plaintiff's Additional Disclosures is attached hereto as Exhibit "A;" a true and correct copy of Plaintiff's Objections and Answers to Defendant's First Set of Interrogatories is attached hereto as Exhibit "B."

**A.** ***Plaintiff's Evidence of Damages Should Be Stricken In Its Entirety For Failure to Comply with Federal Rule of Civil Procedure 26(a)(1)(A)(iii)***

4.      Plaintiff's Additional Disclosure Response fails to provide any computation of damages whatsoever, one of the clear requirements of Federal Rule of Civil Procedure 26(a), and failed to supplement this answer throughout the course of this case, as required by Federal Rule of Civil Procedure 26(e).  If a party fails to disclose information as required under Rule 26(a) or (e), the party is not allowed to use that information unless the failure was ***substantially justified or harmless***.[3]  The burden is on the disclosing party to establish that the failure to disclose was either harmless or substantially justified.[4]  Plaintiff cannot establish his failure to disclose is harmless, as the increased damages provided by Plaintiff after the close of discovery, and any other computations yet to be provided, are untimely and amount to a trial by ambush on Defendant as they do not allow Defendant ample time to evaluate Plaintiff's alleged damages. Furthermore, Plaintiff will not be able to establish that his failure to disclose was substantially justified, as he is well aware of both his duty to disclose and the applicable deadlines for discovery, and willfully failed to comply.  Plaintiff should not be permitted to perpetuate this abuse of the discovery and trial process and leave Defendant wholly unable to prepare its defense.

5.      Additionally, ample case law exists for excluding Plaintiff's damages for failure to provide computations of damages in compliance with Rule 26.  In *American Realty Trust, Inc. v. Matisse Partners, L.L.C.*,[5] the plaintiff provided disclosure responses claiming $400,000 in damages.[6]  Two weeks after the close of discovery, and within two months of trial, the plaintiff

---

[3] FED. R. CIV. P. 37(c)(1) (emphasis added).
[4] *American Realty Trust, Inc. v. Matisse Partners, L.L.C.*, No. Civ. A.3:00-CV-1801-G, 2002 WL 1489543 at *4 (N.D.Tex. 2002).
[5] *Id*.
[6] *Id*. at *1.

added a new category of damages and increased its damages to $30 million.[7]  Not only was this disclosure untimely, but the plaintiff still failed to provide computations for the damages alleged.[8]  The defendant moved to exclude all evidence of these damages for failure to comply with Rule 26 and the discovery deadline.[9]  The Court began its analysis by noting that all information not provided during the discovery period is excluded under Federal Rule of Civil Procedure 37(c)(1) unless the plaintiff could establish the failure to disclose was harmless or justified.[10]  In determining whether the plaintiff's failure was harmless, the court considers (1) the importance of the evidence; (2) prejudice to the defendant in allowing the evidence; (3) the possibility of curing the prejudice by granting a continuance; and (4) the explanation for the failure to provide such evidence.[11]  In considering these factors, the Court found that the evidence was essential to the case and that great prejudice would result to the defendant in having to defend against newly disclosed damages that were untimely and improperly provided.[12]  Furthermore, the Court noted that a continuance would only further prejudice the defendant, who had prepared for trial on the basis of the plaintiff's initially disclosed damages.[13]  Finally, the Court noted that the plaintiff failed to provide a justification for this failure, noting that the plaintiff had throughout the two years the case was pending to calculate damages and provide a timely response.[14]  The Court excluded all evidence of the plaintiff's untimely and improperly disclosed damages for $30 million.[15]

---

[7] *Id*. at *1, *4

[8] *Id*. at *4.

[9] *Id*.

[10] *Id*.

[11] *Id*.; *see also Sierra Club, Lone Star Chapter v. Cedar Point Oil Company Inc.*, 73 F.3d 546, 572 (5th Cir.), *cert. denied*, 519 U.S. 811 (1996).

[12] *Id*. at *5-6.

[13] *Id*.

[14] *Id*.

[15] *Id*. at *6.

6.      Plaintiff's untimely and improper disclosures mirror those provided in *American Realty*.  Plaintiff has wholly failed to provide any computation of his damages, as his only disclosure relies upon an estimation.  Furthermore, Plaintiff's failure to adhere to the discovery deadlines in the same manner as the plaintiff in *American Realty* justifies exclusion of Plaintiff's evidence of damages.  The evidence of Plaintiff's damages is, as in *American Realty*, essential to the disposition of this case.  Defendant would be prejudiced in allowing this evidence, as Defendant cannot even determine the amount and computation of damages claimed by Plaintiff in order to prepare a defense.  Defendant would be further prejudiced by granting a continuance to Plaintiff, as Defendant has complied with all applicable court orders and is prepared for trial as scheduled.  Finally, Plaintiff can offer no excuse for the failure to disclose this information over the course of the case, as Plaintiff was well aware of the applicable deadlines as well as his duty to supplement incomplete or incorrect disclosures.  As such, all evidence of Plaintiff's damages should be excluded.

7.      Further support for excluding evidence of Plaintiff's damages is found in *CQ, Inc. v. TXU Mining Company, L.P.*[16]  In *CQ, Inc.*, the plaintiff provided a single invoice evidencing $110,419.17 in services rendered to the defendant.[17]  The defendant filed a motion to exclude evidence of damages other than the amount stated in the single invoice submitted by the plaintiff as evidence of damages.[18]  The plaintiff argued that it should be permitted to present expert opinions on evidence of damages for quantum meruit, as well as non-expert evidence on contract damages.[19]  The trial court excluded this evidence, as the plaintiff had failed to provide any

---

[16] 565 F.3d 268 (5th Cir. 2009).
[17] *Id*. at 272.
[18] *Id*.
[19] *Id*. at 279.

computations of these damages as required by Federal Rule of Civil Procedure 26.[20]  On appeal, the Court agreed that the plaintiff had failed to provide computations as required, and turned to an analysis of whether the Plaintiff's failure to disclose was substantially justified or harmless.[21] The Court affirmed the trial court's exclusion of the evidence, noting that new evidence at an advanced stage of litigation would not have been harmless and that the plaintiff failed to offer a justification for the failure to provide computations.  Based on the holding in *CQ, Inc.*, Plaintiff's evidence of damages should be excluded for failure to provide computations of damages as required.

8.      Similarly, in *Gordon v. Wal-Mart Supercenter*, the court excluded the plaintiff's medical expense damages for failure to provide a computation of damages.[22]  In her initial disclosures, plaintiff provided neither a defined amount of medical damages, nor a computation each category of claimed damages.[23]  The court noted that this failure was a clear violation of the Federal Rules of Civil Procedure.[24]  The court then went on to analyze whether plaintiff's failure to disclose was harmless or substantially justified.[25]  The plaintiff asserts she provided an itemization of damages just one day after the close of discovery, therefore the short delay was reasonable and resulted in no unfair prejudice to the defendants.[26]  The court disagreed, as plaintiff's excuse "is not a valid justification for her continuous failure to render an appropriate computation to supplement their lack of initial disclosure."[27]  Additionally, the court noted that plaintiff's itemized list of damages was not a computation of her medical expense damages as

---

[20] *Id.*
[21] *Id.*
[22] No. 08-00527-CG, 2009 WL 3850288 (S.D. Ala. 2009).
[23] *Id.* at *5.
[24] *Id.*
[25] *Id.*
[26] *Id.*
[27] *Id.*

contemplated by Rule 26.[28]  Furthermore, the court noted that a computation of medical damages is important to the defendant's preparation, as it requires ample time to investigate the reasonableness of the charges claimed.[29]  Finally, the court noted that a continuance would be improper, as it would require modifications to the discovery and trial schedule that were not appropriate at such a late state of the case.[30]  For those reasons, the court excluded plaintiff's evidence of medical damages in its entirety.[31]

9.     *Gordon* also provides ample authority for excluding Plaintiff's evidence of damages in this case.  As the court noted in *Gordon*, Plaintiff has a continuing duty to supplement evidence of damages and provide computations of those damages.[32]  Although Plaintiff may claim that treatment was ongoing, he had a continuing duty to supplement his claimed damages as the amount changed.  Plaintiff failed to update his disclosures and failed to timely provide computations of his claimed damages.  Furthermore, Plaintiff should not be permitted to present this evidence on the eve of trial, when Defendant is unable to assess the reasonableness of the claimed damages.  Therefore, Plaintiff's evidence of damages should be excluded in their entirety.

10.    Finally, Plaintiff may attempt to argue that it provided medical billing records to Defendant from which it could ascertain the computation of Plaintiff's claimed damages.  This contention is without merit.  In *Francois v. Colonial Freight Systems, Inc.*, defendant sought to exclude medical bills and records not produced during discovery and not properly disclosed with computations as required by Rule 26.[33]  The plaintiffs argued that defendant could have sought

---

[28] *Id.*
[29] *Id.* at *6.
[30] *Id.*
[31] *Id.*
[32] *Id.* at *5.
[33] No. 3:06-cv-434-WHB-LRA, 2007 WL 4564866 at *2(S.D. Miss. 2007).

these records by virtue of the medical waiver provided to it.[34]  The court disagreed, noting that plaintiffs were required to produce the documents under Rule 26, as well as provide a computation of each category of claimed damages.[35]  The court excluded all medical records and bills for services not produced during discovery and not accompanied by the required computation.[36]  This lack of compliance with Federal Rule of Civil Procedure 26 is exactly the failure of Plaintiff in the instant case.  Plaintiff failed to comply with the bare minimum of Rule 26, as he failed to provide a computation of each category of his claimed damages.  Therefore any evidence of damages should be excluded for failure to provide the computation. Additionally, any medical bills or records submitted after the close of discovery should be excluded for failure to timely provide this evidence as required by Federal Rule of Civil Procedure 26(e).

11.     Plaintiff has abused the discovery process by his willful failure to comply with Federal Rule of Civil Procedure 26.  Plaintiff has failed to ever provide a computation of each category of his claimed damages, and subsequently provided additional evidence of claimed damages far beyond the close of discovery and on the eve of trial.  For all the reasons set forth above, Plaintiff's evidence of damages should be excluded in its entirety.

**B.**     ***In the Alternative, Plaintiff's Damages Should Be Limited to the Damages Timely and Properly Disclosed***

12.     In the alternative, Plaintiff should only be permitted to present evidence of the damages timely disclosed and which were accompanied by calculations.  Plaintiff disclosed approximately $24,000 in medical expenses.  Although Plaintiff failed to provide a computation of these damages as required, if Plaintiff is permitted to present any evidence on medical

---

[34] *Id*. at *3.
[35] *Id*.
[36] *Id*.

expenses he should be limited to the $24,000 disclosed during discovery. Plaintiff should not be permitted to benefit from his abuse of the discovery process by relying upon evidence of medical damages disclosed after the close of discovery. Such evidence is extremely prejudicial to Defendant, as it serves as an unjust surprise. Furthermore, to allow a continuance at this late date would only cause further prejudice to Defendant. As such, any evidence of medical expenses above the disclosed $24,000 should be excluded.

## II.
## CONCLUSION AND PRAYER

13.     Based on the above holdings, Plaintiff's evidence of damages should be excluded in their entirety for failure to comply with the Federal Rules of Civil Procedure for disclosing and computing damages. In the alternative, Plaintiff's evidence of damages should be limited to the $24,000 in medical expenses disclosed during discovery. Defendant Tyson Foods, Inc. respectfully prays that all evidence of Plaintiff's damages be excluded in their entirety, in the alternative that Plaintiff be limited to $24,000 in disclosed damages, and any such other relief to which it shows itself justly entitled.

Respectfully submitted,

**KANE RUSSELL COLEMAN & LOGAN PC**
1601 Elm Street, Suite 3700
Dallas, Texas 75201
(214) 777-4200 / Fax (214) 777-4299


By:     s/ Zach T. Mayer
        Zach T. Mayer
        Texas State Bar No. 24013118
        zmayer@krcl.com
        Brian J. Fisher
        Texas State Bar No. 24032178
        bfisher@krcl.com


− and −

Stayton L. Worthington
State Bar No. 22010200
**COGHLAN CROWSON, LLP**
1127 Judson Road, Suite 211
P.O. Box 2665
Longview, Texas 75606-2655
(903) 758-5543 / Fax (903) 753-6989

**ATTORNEYS FOR DEFENDANT
TYSON FOODS, INC.**

# CERTIFICATE OF SERVICE

This is to certify that on the 19th day of August, 2010, a true and correct copy of the foregoing has been forwarded to all counsel of record, as follows:

VIA ECF
Blake C. Erskine
Erskine & McMahon, LLP
P.O. Box 3485
Longview, TX 75606


VIA ECF
Michael E. Pierce
Arnold & Itkin, LLP
5 Houston Center
1401 McKinney, Suite 2550
Houston, TX 77010


 s/ Zach T. Mayer
Zach T. Mayer/Brian J. Fisher

877207 v1 (58140.00015.000)